UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES FRANKLIN WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00825-JRO-MG |
| | ) | |
| JERRY ASHER Sheriff, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff James Franklin Walker filed this action while held at the Howard County Criminal Justice Center (the "Jail"). He filed this civil action on allegations that his permanent facial jewelry was unsafely removed when he was booked into the Jail. Because Mr. Walker was a "prisoner" pursuant to 28 U.S.C. § 1915A upon filing this action, this Court must screen the complaint before service on the defendant.

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

Walker's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). He alleges that, on October 21, 2025, he was booked into the Jail and asked to remove his jewelry. Walker removed his non-permanent jewelry but had permanent jewelry in and on his face. Outside medical staff's presence, an officer used side cutters to cut this jewelry out of Walker's face. This process was painful and left pieces of jewelry under Walker's skin which will require surgery to remove.

Walker does not know the name of this officer. He names Howard County Sheriff Jerry Asher as the defendant and acknowledges that he will need discovery to learn the name of the unnamed officer.

## III. DISCUSSION OF CLAIMS

Applying the screening standard to the factual allegations in the complaint, all claims against Sheriff Asher are **dismissed** for failure to state a claim upon which relief may be granted. Walker's claim that Sheriff Asher "failed in his duties when he did not protect [Walker] from th[e] assault by officers[ ]" is construed as a Fourteenth Amendment failure-to-protect claim under 42 U.S.C.

§ 1983. *Kingsley v. Hendrickson*, 576 U.S. 389, 400-01 (2015). Yet, "[i]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017). Walker does not allege that Sheriff Asher was present for or aware of the underlying officer's conduct. And, Sheriff Asher's supervisory role alone does not implicate his personal involvement in his subordinate's conduct. *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (*en banc*) ("knowledge of a subordinate's misconduct is not enough for liability" under 42 U.S.C. § 1983). To be liable, "a supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye[,]" *Zentmyer v. Kendall Cnty., Ill.*, 220 F.3d 805, 812 (7th Cir. 2000) (citation omitted), and there are no such allegations pled here.

While not listed in the case caption, by invoking his need to conduct discovery to learn the officer's name, it is clear that Walker is pursuing a claim against the unnamed officer. For removing Walker's permanent jewelry with side cutters without allowing for medical attention or support, a Fourteenth Amendment claim **shall proceed** against the unnamed officer.

The Court will permit Walker to engage in limited discovery for the purposes of identifying the unnamed officer in his complaint. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022) (noting there is "nothing wrong with suing placeholder defendants, then using discovery to learn and substitute names"). However, Walker is reminded that he "gains no advantage, procedural or otherwise, by asserting a claim against an unnamed defendant." *Kennington*

*v. Carter*, 216 F. Supp. 2d 856, 857 (S.D. Ind. 2002). Walker must still comply with Fed. R. Civ. P. 4(m), which generally requires the Court to dismiss claims against a defendant without prejudice if service on the defendant is not completed within ninety days after the complaint is filed. Accordingly, Walker shall have **ninety (90) days from the date of this Order** to amend his complaint to add a named defendant. Failure to do so without good cause may result in dismissal of his claim against the unnamed officer and, therefore, dismissal of this action.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Walker believes that additional claims were alleged in the complaint but not identified by the Court, he shall have **through November 23, 2026**, in which to file a motion to reconsider the screening order.

## IV. CONCLUSION AND SERVICE OF PROCESS

The **clerk is directed** to add Unnamed Officer as a defendant on the docket and to terminate Jerry Asher as a defendant on the docket. The **clerk is directed** to update the docket to reflect that Sheriff Jerry Asher is now an interested party. Process will issue to him for the purpose of permitting him to appear in the action and respond to discovery requests regarding the identity of the unnamed officer. Sheriff Asher need not answer the complaint.

The **clerk is directed**, pursuant to Fed. R. Civ. P. 4(c)(3), to issue process to interested party Sheriff Jerry Asher in the manner specified by Fed. R. Civ. P. 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of

Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 10/23/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

JAMES FRANKLIN WALKER
The Arc Program
427 W. Washington Blvd
Ft Wayne, IN 46802

Sheriff Jerry Asher
Howard County Sheriff's Office
1800 West Markland Avenue
Kokomo, Indiana 46901